UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANE M. DUJARDIN,

    Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 2:17-CV-01742-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to the medical opinions of Drs. Kimberly Wheeler and Keith Krueger. Had the ALJ properly considered the opinions of these two doctors, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors are, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 29, 2014, Plaintiff filed an application for SSI, alleging disability as of July 16, 1990. *See* Dkt. 8, Administrative Record ("AR") 19. The application was denied upon initial administrative review and on reconsideration. *See* AR 19. A hearing was held before ALJ James W. Sherry on April 21, 2016. *See* AR 72-112. At the hearing, Plaintiff amended his alleged onset date to October 1, 2013. AR 83. In a decision dated May 10, 2016, the ALJ determined Plaintiff was not disabled. *See* AR 19-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.[1]

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider the medical opinion evidence; (2) consider Plaintiff's subjective symptom testimony; and (3) assess Plaintiff's RFC and Step Five of the sequential evaluation process. Dkt. 12, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the medical opinions of Drs. Kimberly Wheeler, Ph.D. and Keith Krueger, Ph.D. Dkt. 12, pp. 3-7. Plaintiff also contends the

---

[1] Plaintiff also filed applications for SSI and child's insurance benefits on January 9, 2009. *See* AR 116. The applications were denied by ALJ M.J. Adams on September 10, 2010. AR 113-33, 134-39. The 2009 applications are not at issue in this Order.

ALJ gave too much weight to the opinions of non-examining physicians Drs. Eugene Kester, M.D., Dennis Koukol, M.D., and James Bailey, Ph.D. *Id*. at pp. 11-12.[2]

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. <u>Dr. Wheeler</u>

Plaintiff first asserts the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Wheeler's medical opinion. Dkt. 12, pp. 3-4.

On May 2, 2013, Dr. Wheeler, an examining psychologist, completed a Psychological/Psychiatric Evaluation of Plaintiff. AR 414-18. Dr. Wheeler conducted a clinical interview and a mental status examination ("MSE"). AR 414-18. She opined Plaintiff was markedly limited in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and communicating and

---

[2] To support his contention that the ALJ erred in assessing Plaintiff's subjective symptom testimony, Plaintiff argues the ALJ failed to properly consider other medical findings. *See* Dkt. 12, pp. 7-11. Because Plaintiff alleges the ALJ failed to properly consider the medical evidence when evaluating Plaintiff's subjective symptom testimony, the Court considers these arguments only with respect to the alleged error regarding Plaintiff's subjective symptom testimony.

performing effectively in a work setting. AR 416. Dr. Wheeler also found Plaintiff moderately limited in understanding, remembering, and persisting in tasks by following detailed instructions, learning new tasks, adapting to changes in a routine work setting, asking simple questions or requesting assistance, completing a normal workday and workweek without interruptions from psychologically based symptoms, maintaining appropriate behavior in a work setting, and setting realistic goals and planning independently. AR 416. Dr. Wheeler found Plaintiff had a global assessment of functioning ("GAF") score of 60, and the highest GAF score Plaintiff had in the past year was 65. AR 416.

The ALJ discussed Dr. Wheeler's findings, and then stated:

> The opinion is given little weight because (1) the marked limitations are inconsistent with the doctor's fairly unremarkable mental status examination of the claimant. Furthermore, the opinion is internally inconsistent as the doctor assigned GAF scores of 60 and 65 (indicating moderate to some mild symptoms or limitations) but opined he had marked limitations. The doctor also noted, "Not seeing a compelling mental illness that bars employment." (2) It appears the marked limitations were based on the claimant's subjective report of symptoms and limitations, which are not fully reliable for the reasons discussed in this decision.

AR 30 (internal citations omitted, numbering added).

First, the ALJ discounted Dr. Wheeler's opinion because her opinion was inconsistent with (1) Plaintiff's MSE, (2) the assigned GAF scores, and (3) Dr. Wheeler's finding that Plaintiff did not have a mental illness barring employment. AR 30. "A physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). However, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*,

759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

In finding Dr. Wheeler's opinion inconsistent with her examination, the ALJ first stated Dr. Wheeler's opinion as to Plaintiff's marked limitations is inconsistent with the MSE. The ALJ, however, failed to explain how or what results contained in the MSE conflicted with Dr. Wheeler's opinion. *See* AR 30; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Further, the MSE contained abnormal results, which support Dr. Wheeler's findings. For example, Dr. Wheeler noted Plaintiff's eyes were squinted, his information felt skewed toward impression management, and his mood was fairly bland-euthmyic. AR 417. Plaintiff's thought-content revealed lack of direction in life, passivity, and no plans on how to move his life forward. AR 417. Plaintiff could not spell world backward and made an error in serial sevens; Dr. Wheeler noted Plaintiff's concentration was adequate but "one can imagine him being distracted since his desire to provide quality attention to his work is only fair." AR 418. Plaintiff's insight was low and Plaintiff was overly-concerned about how others viewed him, which Dr. Wheeler found reasonable given Plaintiff's criminal history. AR 418. In response to a question from Dr. Wheeler, Plaintiff stated if there was a grease fire he would throw the pan out the window. AR 418. The ALJ failed to explain how these findings are inconsistent with Dr. Wheeler's opinion. The ALJ's conclusion that Dr. Wheeler's opinion is inconsistent with the MSE is conclusory and unsupported by the record; therefore, this is not a valid reason for discounting the opinion.

The ALJ next found Dr. Wheeler's opinion internally inconsistent because the GAF scores[3] in her evaluation indicate moderate to mild limitations which is inconsistent with her finding Plaintiff has marked limitations. AR 30. The ALJ does not explain why he finds the GAF scores inconsistent with Dr. Wheeler's opinion. *See* AR 30. Further, Dr. Wheeler stated the GAF score reflects global functioning along the mental illness – mental health continuum and the medical source statement also includes "attitudinal/behavioral features that may affect employability." AR 416. Thus, Dr. Wheeler found the GAF scores were not the sole indicator of Plaintiff's functional limitations. Therefore, the ALJ's conclusory finding that the GAF scores are inconsistent with Dr. Wheeler's opinion as to Plaintiff's marked limitations is not specific and legitimate and supported by substantial evidence. *See Garrison*, 759 F.3d at 1002 n.4 (noting "GAF scores are typically assessed in controlled, clinical settings that may differ from work environments in important respects"); *Noble v. Colvin*, 2014 WL 1883799, at *7-9 (E.D. Wash. May 12, 2014) (finding the ALJ erred by failing to explain how a GAF score indicating moderate impairments was inconsistent with a doctor's assessment that the plaintiff had two marked limitations).

The ALJ also found Dr. Wheeler's opinion inconsistent with her note stating she did not see a compelling mental illness barring employment. AR 30. Dr. Wheeler diagnosed Plaintiff with antisocial personality disorder, rule out mood disorder, and rule out anxiety. AR 415. Dr. Wheeler found vocational training or services would minimize or eliminate Plaintiff's barriers to

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert,* 159 F.3d 1161, 1164 n.2 (9th Cir.1998). According to the DSM–IV, "[a] GAF score between 51 to 60 describes 'moderate symptoms' or any moderate difficulty in social, occupational, or school functioning." *Garrison*, 759 F.3d at 1002 n.4. A GAF score of 61-70 indicates some mild symptoms or some difficulty in social, occupational, or school functioning. *See Provencio v. Astrue*, 2012 WL 2344072, at *4, n.1 (D. Ariz. June 20, 2012).

employment. AR 417. Dr. Wheeler noted she did not see a compelling mental illness that bars employment; however, she found Plaintiff will have to make a decision on whether he wants to sustain himself through employment, showing up regularly and doing what others tell him. AR 417. The ALJ did not explain how Dr. Wheeler's statement is inconsistent with her opinion. *See* AR 30. Further, Dr. Wheeler opined Plaintiff had functional limitations based on Plaintiff's diagnosed impairments, the clinical findings, and the MSE. *See* AR 415-17. Dr. Wheeler did not opine Plaintiff was unable to work; she opined Plaintiff has limitations in his ability to perform certain work activities over a normal workday and workweek. The ALJ's conclusory statement that Dr. Wheeler noted Plaintiff did not have a compelling mental illness barring employment is not sufficient to discount Dr. Wheeler's opinion.

The ALJ's findings that Dr. Wheeler's opinion is inconsistent with the MSE, her opinion as to Plaintiff's GAF scores, and her statement that she did not see a compelling mental illness barring employment are conclusory and unsupported by the record. Therefore, the ALJ's first reason for giving little weight to Dr. Wheeler's opinion is not a specific and legitimate reason supported by substantial evidence.

Second, the ALJ discounted Dr. Wheeler's opinion finding Plaintiff had marked limitations because Dr. Wheeler's opinion was based on Plaintiff's subjective report of symptoms and limitations. AR 30. Defendant does not assert this is a valid reason for discounting Dr. Wheeler's opinion. *See* Dkt. 13, pp. 6-7. Therefore, the Court finds Defendant concedes this is not a specific and legitimate reason for discounting Dr. Wheeler's opinion. Regardless of Defendant's concession, the Court reviewed the ALJ's second reason for discounting Dr. Wheeler's opinion and also concludes it is not specific and legitimate.

An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report." *See Buck*, 869 F.3d at 1049.

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id*. (internal citations omitted).

Here, the ALJ failed to explain how Dr. Wheeler's opinion regarding Plaintiff's marked limitations was based on Plaintiff's subjective reports. *See* AR 30; *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Further, the record does not show Dr. Wheeler relied more heavily on Plaintiff's self-reported symptoms than other information and objective evidence. *See* AR 414-18. Rather, in reaching her opinion, Dr.

Wheeler observed Plaintiff and conducted a clinical interview and an MSE. *See* AR 414-18. Dr. Wheeler did not discredit Plaintiff's subjective reports and supported her ultimate opinion with objective testing, personal observations, and a clinical interview. As the ALJ's finding was conclusory and as Dr. Wheeler's opinion was not more heavily based on Plaintiff's self-reports, the ALJ's second reason for discounting Dr. Wheeler's opinion is not specific and legitimate and supported by substantial evidence.

Defendant contends Dr. Wheeler found Plaintiff's impairments would resolve two months before Plaintiff's alleged onset date and, therefore, the opinion is not relevant to the disability period at issue. Dkt. 13, p. 7. The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006). "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). As the ALJ did not state he was giving little weight to Dr. Wheeler's opinion because it was not relevant to the period at issue, the Court is not persuaded by Defendant's argument.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Wheeler's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

*Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Wheeler's opinion, the ALJ would have included additional limitations in the RFC. For example, Dr. Wheeler found Plaintiff markedly limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual. AR 416. The ALJ did not find Plaintiff was limited in his ability to attend work. *See* AR 24. Therefore, if Dr. Wheeler's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

The Court notes it is unclear if the ALJ discounted Dr. Wheeler's entire opinion or only discounted her opinion regarding Plaintiff's marked limitations. In addition to correcting the above-identified errors, on remand, the ALJ must adequately explain the weight given to Dr. Wheeler's opinion, in its entirety, and, if crediting the opinion, explain how the limitations are accounted for in the RFC.

B. <u>Dr. Krueger</u>

Plaintiff next contends the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting the medical opinions of Dr. Krueger, an examining psychologist. Dkt. 12, pp. 4-7.

On February 25, 2014, Dr. Krueger completed a Psychological/Psychiatric Evaluation of Plaintiff. AR 404-13. Dr. Krueger opined Plaintiff was markedly limited in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and communicating and performing effectively in a work setting. AR 407. Dr. Krueger also found Plaintiff moderately limited in understanding, remembering, and persisting in tasks by following very short and simple instructions and detailed instructions, learning new tasks, performing routine tasks without special supervision, adapting to changes in a routine work setting, making simple work-related decisions, asking simple questions or requesting assistance, completing a normal workday and workweek without interruptions from psychologically based symptoms, maintaining appropriate behavior in a work setting, and setting realistic goals and planning independently. AR 406-07. Dr. Krueger found Plaintiff had a GAF score of 60, and the highest GAF score Plaintiff had in the past year was 65. AR 406.

On July 8, 2014, Dr. Krueger completed a second Psychological/Psychiatric Evaluation of Plaintiff. AR 414-18. He found Plaintiff had the same functional limitations as he did on February 25, 2014. *See* AR 394-95. Dr. Krueger again determined Plaintiff had a GAF of 60, but found Plaintiff's highest GAF score in the past year was 66. AR 394.

The ALJ discussed Dr. Krueger's opinions, and then stated:

> The opinion is given little weight because (1) the marked limitations are internally inconsistent as the doctor assigned GAF scores of 60, 65 and 66 (indicating moderate to some mild symptoms or limitations). (2) It appears the marked

limitations were based on the claimant's subjective report of symptoms and limitations, which are not fully reliable for the reasons discussed in this decision.

AR 30 (numbering added).

First, as with Dr. Wheeler, the ALJ found Dr. Krueger's opinion that Plaintiff has marked limitations in two functional areas is internally inconsistent with Dr. Krueger's notes indicating Plaintiff has GAF scores of 60, 65, and 66. AR 394, 406. As the Court explained above, an ALJ need not accept an opinion which is inconsistent with the doctor's notes. *See Buck*, 869 F.3d at 1050; *Bayliss*, 427 F.3d at 1216. However, a conclusory finding by the ALJ is insufficient to reject the opinion. *See Embrey*, 849 F.2d at 421-22.

In this case, the ALJ simply offered his conclusion that the GAF scores were internally inconsistent with Dr. Krueger's opinion regarding Plaintiff's marked limitations. AR 30. The ALJ failed to explain how the GAF scores are inconsistent with Dr. Krueger's opinions. *See* AR 30. Further, the GAF scores were included in the diagnoses section of Dr. Krueger's evaluations, rather than the section opining to Plaintiff's functional limitations. *See* AR 394-95, 406-407. The ALJ's conclusory finding that Dr. Krueger's opinions are inconsistent with the GAF scores is not specific and legitimate and supported by substantial evidence. *Compare Noble*, 2014 WL 1883799, at *7-9 (E.D. Wash. May 12, 2014) (finding the ALJ erred by failing to explain how a GAF score indicating moderate impairments was inconsistent with a doctor's assessment that the plaintiff had two marked limitations); *with Buck*, 869 F.3d at 1050 (finding the ALJ properly discounted a doctor's opinion as inconsistent with treatment notes when the doctor's notes indicated a GAF score of 60, but the opinion described "severe symptoms such as screaming and breaking things for days straight").

Second, as with Dr. Wheeler, the ALJ discounted Dr. Krueger's opinion regarding Plaintiff's marked limitations because the limitations were based on Plaintiff's subjective report

of symptoms and limitations. AR 30. Defendant does not assert this is a valid reason for discounting Dr. Krueger's opinions and, thus, the Court finds Defendant concedes the ALJ's second reason for giving little weight to Dr. Krueger's opinions is not specific and legitimate. *See* Dkt. 13, pp. 7-9.

As stated above, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041. However, the ALJ provided no explanation for why he finds Dr. Krueger's opinions are based on Plaintiff's subjective report of symptoms and limitations. *See* AR 30. Further, in reaching his opinion, Dr. Krueger observed Plaintiff and conducted clinical interviews and MSEs. *See* AR 392-403, 404-13. Dr. Krueger did not discredit Plaintiff's subjective reports and supported his ultimate opinions with objective testing, personal observations, and clinical interviews. Therefore, the ALJ's finding that Dr. Krueger based his opinions regarding Plaintiff's marked limitations on Plaintiff's subjective report of symptoms and limitations is not supported by substantial evidence. As the ALJ's finding was conclusory and as Dr. Krueger's opinions were not more heavily based on Plaintiff's self-reports, the ALJ's second reason for discounting Dr. Krueger's opinions is not specific and legitimate and supported by substantial evidence. *See Buck*, 869 F.3d at 1049.

Defendant again provides *post hoc* rationalizations to assert the ALJ did not err in considering Dr. Krueger's opinions. *See* Dkt. 13, pp. 8-9. First, Defendant contends there are other inconsistencies within Dr. Krueger's opinions which support the ALJ's decision. *See id*. at p. 8. However, the ALJ specifically found the GAFs scores were inconsistent with Dr. Krueger's opinion. AR 30. The ALJ cited to no other inconsistencies in the record to support his decision. Second, Defendant asserts Dr. Krueger found Plaintiff would only be impaired for seven months,

1 and, therefore, his opinions did not meet the 12-month duration requirement. *Id*. at p. 9. Again, the ALJ did not provide this as a reason to discount Dr. Krueger's opinions. *See* AR 30. Accordingly, the Court is not persuaded by Defendant's *post hoc* arguments.

The Court concludes the two reasons provided by the ALJ for assigning little weight to Dr. Krueger's opinions are not specific and legitimate and supported by substantial evidence. Accordingly, the ALJ erred in his consideration of Dr. Krueger's opinions. Defendant implies any failure to properly consider Dr. Krueger's opinions would be harmless because Dr. Krueger stated he expected it would be good for Plaintiff to have a job. Dkt. 13, p. 8. Dr. Krueger did find the structure of employment could be beneficial to Plaintiff, but did not suggest Plaintiff's functional limitations failed to impact his ability to work. *See* AR 407. If the ALJ had properly considered Dr. Krueger's opinions, the RFC and hypothetical question posed to the vocational expert may have included additional limitations, such as absenteeism. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

Similar to Dr. Wheeler, the ALJ only provided reasons for discounting Dr. Krueger's opinions regarding Plaintiff's marked limitations. In addition to correcting the above-identified errors, on remand, the ALJ must adequately explain the weight given to Dr. Krueger's opinions, in their entirety, and, if crediting the opinions, explain how the opined limitations are accounted for in the RFC.

C. <u>Non-examining Physicians</u>

Plaintiff also argues the ALJ erred by giving great weight to the opinions of three non-examining physicians. Dkt. 12, pp. 11-12. A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, "[i]n order to discount the

opinion of an examining physician in favor of the opinion of a non[-]examining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Nguyen*, 100 F.3d at 1466 (citing *Lester*, 81 F.3d at 831). As the ALJ did not provide specific and legitimate reasons for discounting the opinions of Drs. Wheeler and Krueger, the ALJ erred when he discounted Drs. Wheeler's and Krueger's opinions in favor of the opinions of non-examining doctors. On remand, the ALJ is directed to re-evaluate all the medical evidence, including the non-examining physicians' medical opinions.

### II. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 12, pp. 12-18. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

### III. Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not disabled at Step 5.

Plaintiff contends the ALJ erred in assessing his RFC and finding him not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 12, pp. 18-19. The Court concludes the ALJ committed harmful error when he failed to properly consider the opinions of Drs. Wheeler and Krueger. *See* Section I, *supra*. The ALJ is directed to re-evaluate the medical evidence and Plaintiff's subjective symptom testimony on remand. *See* Sections I, II, *supra.* The ALJ must

therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 31st day of August, 2018.

David W. Christel
United States Magistrate Judge